KAHN, Judge,
concurring.
I concur with the result reached by the court. I write separately, however, because I do not agree with a portion of the analysis contained in the majority opinion. *1233 Specifically, I believe the issues to be decided by the jury on the charge of violation of section 944.47(l)(a)5 are whether Fleming possessed the box cutter, and whether the box cutter is a weapon. I do not believe the state is required to prove Fleming’s intent to use the box cutter as a weapon.
Under the statute involved in this case, the possession of a weapon by one who is upon the ground of any state correctional institution is malum prohibitum. The harm sought to be prevented by the statute is not merely the possessor’s use of a weapon. It is, rather, the introduction of such weapon into the prison. It is arguable that the defendant’s contention that he did not even know he had the box cutter in his pocket could support a defense, but I do not perceive that issue as being directly before us.
Accordingly, I would reverse, but I would not indicate that Fleming’s intent to use the box cutter as a weapon is an issue to be decided under this particular statute.